Lumanikio v. Lynch

BIA
Connelly, IJ
A201 219 057

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of March, two thousand sixteen.

PRESENT: REENA RAGGI,
         RICHARD C. WESLEY,
         PETER W. HALL,
           *Circuit Judges.*

_____

AMBROISE NGAYINOKO LUMANIKIO, AKA DEDRI MANUEL LANDO,

     *Petitioner,*

     v.                         12-4436
                                       NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,

     *Respondent.*

_____

FOR PETITIONER:        Jose Perez, Esq., Syracuse, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; James E. Grimes, Senior
                         Litigation Counsel; Virginia Lum,
                         Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED in part and DENIED in part and remanded for further proceedings.

Petitioner Ambroise Ngayinoko Lumanikio, a native and citizen of the Democratic Republic of Congo, seeks review of an October 12, 2012, decision of the BIA affirming the April 26, 2012, decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ambroise Ngayinoko Lumanikio*, No. A201 219 057 (B.I.A. Oct. 12, 2012), *aff'g* No. A201 219 057 (Immig. Ct. Batavia Apr. 26, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.

2005).[1]  The applicable standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To establish eligibility for asylum or withholding of removal, an applicant must show persecution, or fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 U.S.C. §§ 1101(a)(42); 1158(b)(1)(B)(i); 1231(b)(3).  Under the REAL ID Act, the protected ground must be "one central reason" for the persecution.  8 U.S.C. 1158(b)(1)(B)(i); *In re C-T-L-*, 25 I. & N. Dec. 341 (BIA 2010) (applying REAL ID Act to withholding of removal).

The agency did not err in finding that Lumanikio failed to establish a nexus between his past persecution or well-founded fear of future persecution and a statutorily protected ground.  In his asylum application and testimony, Lumanikio stated that he was harmed because he refused to marry an army colonel's daughter, a motivation not

---

[1] While Lumanikio also challenges the IJ's adverse credibility determination,  the BIA assumed, without deciding, that Lumanikio was credible in concluding that the IJ's decision should be affirmed .  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We similarly assume credibility but, insofar as we remand, we do not foreclose the BIA from considering that issue further.

encompassed by one of the statutory asylum grounds. *Cf.*
*Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999)
(holding that petitioner failed to show persecution on
account of a protected ground when there was "no evidence
to suggest that the rape [by government soldiers] was
anything but an act of random violence"). *See also Sampotan*
*v. Mukasey*, 533 F.3d 63, 71-72 (1st Cir. 2008) (no
persecution on account of protected ground when harm
resulted from "personal grudge"); *Marquez v. INS*, 105 F.3d
374, 380 (7th Cir. 1997) ("A personal dispute, no matter
how nasty, cannot support an alien's claim for asylum.").

Lumanikio argues that the agency failed to consider
that he was harmed on account of an imputed political
opinion.  The BIA implicitly rejected that argument when it
found that Lumanikio had not shown that harm arose out of
anything other than a personal dispute.  We identify no
error.  The only reference to any political motivation for
the alleged harm was Lumanikio's brief assertion in his
asylum application that the colonel "was not happy at all"
about Lumanikio's membership in another political party.
Compared to his extensive testimony that he was targeted
for refusing to marry the colonel's daughter, this

4

statement does not show that his political opinion was one central reason for the harm.  *See* 8 U.S.C. § 1158(b)(1)(B)(i).

Lumanikio's argument that he was persecuted on account of membership in a particular social group of employees of the colonel is unexhausted because he failed to raise it before the BIA.  *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (holding that petitioners are required to raise specific issues with the BIA in order to preserve them for appellate review).

With respect to CAT relief, however, the agency did not adequately consider the issue of government acquiescence.  A CAT applicant must show that it is more likely than not that he will be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."  8 C.F.R. § 1208.18(a)(1); *De la Rosa v. Holder*, 598 F.3d 103, 109 (2d Cir. 2010).  Official acquiescence to torture requires that government officials "know of or remain willfully blind to an act [of torture] and thereafter breach their legal responsibility to prevent it."  *Khouzam v. Ashcroft*, 361 F.3d 161, 168 (2d Cir. 2004).

Given the private nature of the dispute here, the agency reasonably concluded that the colonel was not acting in his official capacity as a member of the military. Acquiescence, however, may be shown even when officials act in their "purely private capacities," provided that the torture is of a "routine nature." *Khouzam,* 361 F.3d at 171 (internal quotation marks omitted). Neither the IJ nor the BIA appear to have considered that possibility in light of the U.S. Department of State's 2010 Country Report on human rights practices in the Democratic Republic of Congo, which indicates that, at the time in question, government officials in the Congo engaged in acts constituting torture, often with impunity, and often for seemingly private reasons. For example, the report states that there "were several occasions during the year when members of state security forces arbitrarily and summarily killed civilians . . . often for failing to surrender their possessions, submit to rape, or perform personal services." Bureau of Democracy, Human Rights, and Labor, U.S. Dep't of State, *2010 Human Rights Report: Democratic Republic of the Congo* 3 (2011), http://www.state.gov/documents/ organization/160453.pdf. At the same time, there "were very few reports of government authorities taking action

6

against members of state security forces." *Id.* at 7. Instead, the report suggests that even the most serious incidents of torture, rape, and abuse went unpunished or even uninvestigated. "[M]echanisms available to investigate abuses by state security forces . . . remained weak and ineffective, particularly for addressing misconduct by mid- and high-ranking officials." *Id.* at 15.

We express no view as to whether these reported incidents of torture and other abuses by government officials in the Congo will, upon further review, support a finding that the action taken against petitioner here was routine and, thus, indicative of official acquiescence. We conclude only that the agency could not reasonably decide the issue of acquiescence without considering such evidence. *See Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("[W]e require a certain minimum level of analysis . . . if judicial review is to be meaningful."). Accordingly, we remand for it to do so.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part and the case is remanded for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court